IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIRUM PHARMACEUTICALS, INC., ) SATIOGEN PHARMACEUTICALS, INC., ) and SHIRE HUMAN GENETIC ) THERAPIES, INC., ) )           Plaintiffs, ) )     v. ) ) ZENARA PHARMA PRIVATE LIMITED, ) and BIOPHORE INDIA ) PHARMACEUTICALS PRIVATE ) LIMITED, ) )          Defendants. ) | C.A. No. |

## COMPLAINT

Plaintiffs Mirum Pharmaceuticals, Inc. ("Mirum"), Satiogen Pharmaceuticals, Inc. ("Satiogen"), and Shire Human Genetic Therapies, Inc. ("SHGT") (collectively "Plaintiffs"), by their undersigned attorneys, bring this action against Defendants Zenara Pharma Private Limited ("Zenara") and Biophore India Pharmaceuticals Private Limited ("Biophore India") (collectively "Defendants"), and hereby allege as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patents laws of the United States, Title 35, United States Code, that arises from Defendant Zenara's submission of an Abbreviated New Drug Application ("ANDA") to the United States Food and Drug Administration ("FDA") seeking approval to market generic versions of Mirum's LIVMARLI® (maralixibat) prior to the expiration of U.S. Patent Nos. 10,512,657 (the "'657 patent"); 11,229,661 (the "'661 patent"); 12,350,267 (the "'267 patent"); 11,229,647 (the "'647 patent"); 11,376,251 (the "'251 patent");

11,497,745 (the "'745 patent"); 11,918,578 (the "'578 patent"); and 11,260,053 (the "'053 patent") (collectively the "Asserted Patents").

2.      In a letter dated November 22, 2025 and received by Plaintiffs on or about November 24, 2025 ("Notice Letter"), Zenara notified Plaintiffs that it had submitted to the FDA ANDA No. 220917 ("Zenara's ANDA"), with a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV") seeking approval from the FDA to engage in the commercial manufacture, use and/or sale of generic Maralixibat Chloride Solution, Oral, Eq. 9.5 mg Base/mL and 19 mg Base/mL ("Zenara's ANDA Product") prior to the expiration of the Asserted Patents.

3.      The Notice Letter included an Exhibit, titled "Zenara's Confidential Detailed Statement of the Factual and Legal Bases for Its Opinion that U.S. Patent Nos. 10,512,657; 11,229,647; 11,229,661; 11,260,053; 11,376,251; 11,497,745; 11,918,578; and 12,350,267 Are Invalid, Unenforceable and/or Will Not Be Infringed by the Manufacture, Use, Importation, Sale, and Offer for Sale of Its Maralixibat Product(s)."  On information and belief, Zenara's ANDA includes a Paragraph IV certification, asserting that the claims of the '657, '661, '267, '647, '251, '745, '578, and '053 patents are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of Zenara's ANDA Product.

4.      On information and belief, Defendants seek approval to market Zenara's ANDA Product before the expiration of all the Asserted Patents.

## **PARTIES**

5.      Plaintiff Mirum is a corporation organized and existing under the laws of the State of Delaware and having a place of business at 989 E Hillsdale Blvd., Suite 300, Foster City, CA, 94404.

6.      Plaintiff Satiogen is a corporation organized and existing under the laws of the State

of Delaware and having a place of business at 989 E Hillsdale Blvd., Suite 300, Foster City, CA, 94404.  Satiogen is a wholly owned subsidiary of Mirum.

7.     Plaintiff SHGT is a corporation organized and existing under the laws of the State of Delaware and having its place of business at 300 Shire Way, Lexington, MA 02421.  SHGT is a wholly owned subsidiary of Takeda Pharmaceuticals U.S.A., Inc.

8.     On information and belief, Defendant Zenara is a corporation organized and existing under the laws of India and having a principal place of business at Plot No. 83/B, 84, 87 to 96, Phase III, IDA Cherlapally, Hyderabad, Telangana, 500051, India.

9.     On information and belief, Defendant Biophore India is a corporation organized and existing under the laws of India and having a principal place of business at Plot No. 92, 1-98/2/92, Kavuri Hills - Phase II, Jubilee Hills, Hyderabad-33, Telangana, 500033, India.

10.     On information and belief, Zenara is a wholly owned subsidiary of Biophore India.[1]

11.     On information and belief, Biophore India ultimately owns all of Zenara's ANDAs, including ANDA No. 220917.

12.     On information and belief, Zenara and Biophore India collaborate with respect to, among other things, the development, regulatory approval, marketing, sale, and/or distribution of generic copies of branded pharmaceutical products, throughout the United States, including in the State of Delaware.  On information and belief, Zenara is the ANDA filer for Zenara's ANDA Product and Biophore India at least makes the active pharmaceutical ingredient (API) for Zenara's ANDA Product.[2]  Defendants have also admitted that Biophore India "ultimately owns all of

---

[1] *See Abbvie, Inc. v. Alkem Lab'ys Ltd.*, No. 1:22-cv-1423, D.I. 1 and D.I. 52 at ¶ 77 (D. Del.) (admitting Zenara is a wholly owned subsidiary of Biophore India).

[2] *See* U.S. Food & Drug Admin, List of Drug Master Files, available at https://www.fda.gov/drugs/drug-master-files-dmfs/list-drug-master-files-dmfs, click on "3Q2025

[Zenara's] ANDAs"; that Zenara "acts at the direction, and for the benefit of, [Biophore India], and is controlled and/or dominated by [Biophore India]; and that Zenara and Biophore India "collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products."[3] On further information and belief, Zenara and Biophore India are agents of one another and/or operate in concert as integrated parts of the same business group, including with respect to the preparation and submission of Zenara's ANDA and the development, manufacturing, marketing, sale, and distribution of Zenara's ANDA Product.

13.     On information and belief, Biophore India was, is, and will be actively involved in the preparation, submission, maintenance, and further prosecution of Zenara's ANDA, together with Zenara, and it intends to directly or indirectly benefit from the preparation, submission, maintenance, and further prosecution of Zenara's ANDA, such that Biophore India should be deemed a submitter of Zenara's ANDA together with Zenara.

14.     On information and belief and consistent with their practice with respect to other generic pharmaceutical products, following approval of Zenara's ANDA, Zenara and Biophore India will engage in the manufacture, use, offer for sale, sale, and/or distribution in, and/or importation into, the United States, including the State of Delaware, of Zenara's ANDA Product.

15.     On information and belief, Zenara and Biophore India intend to act collaboratively to manufacture, market, distribute, use, offer for sale, sell, and/or import into the United States, including into the State of Delaware, Zenara's ANDA Product, in the event the FDA approves Zenara's ANDA.

---

Excel" (last accessed Dec. 8, 2025) (noting Biophore India submitted a drug master file for maralixibat chloride on April 30, 2025).

[3] *Harmony Biosciences, LLC v. AET Pharma US, Inc.*, No. 1:23-cv-01340, D.I. 33 at 14, ¶¶ 35, 37, 38 (D. Del. Feb. 15, 2024).

## JURISDICTION AND VENUE

16.    This is a civil action for patent infringement arising under the patents laws of the United States, including 35 U.S.C. § 271 and 28 U.S.C. §§ 1338(a), 2201, and 2202.

17.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18.    This Court has personal jurisdiction over Zenara and Biophore India because, on information and belief, each has continuous and systematic contacts with the State of Delaware, regularly conducts business in Delaware either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos, and has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being hauled into court here.

19.    On information and belief, Zenara and Biophore India are engaged in developing, manufacturing, marketing, selling, and distributing, either directly or through subsidiaries, agents, and/or alter egos, a broad range of generic pharmaceutical products globally, and a substantial number of these products are marketed, sold, and distributed throughout the United States, including in the State of Delaware and this judicial district.[4]  On information and belief, Zenara

---

[4]  *See Biophore*, https://biophore.com/ (last accessed Dec. 8, 2025) (explaining Biophore India is "engaged in the development and manufacturing of niche pharmaceutical products for the global markets"); *About US*, Biophore, https://biophore.com/aboutus.php#p1 (last accessed Dec. 8, 2025) (stating Biophore India has "consistently been in the Top 10 US DMF filers with the US FDA over the past 5 years" and is "one of the fastest companies to bring [APIs] to the market enabling wider access for patients worldwide"); *About Zenara*, Zenara http://www.zenarapharma.com/ (last accessed Dec. 8, 2025) (explaining Zenara has "[r]eceived Marketing authorisations from US FDA" and has "[m]ore than 20 plus ANDA/ANDs under approval"); U.S. Food & Drug Admin., Orange Book: Approved Drug Products with Therapeutic Equivalence Evaluations, available at https://www.fda.gov/drugs/drug-approvals-and-databases/approved-drug-products-therapeutic-equivalence-evaluations-orange-book (last accessed Dec. 8, 2025) (click on "Search the Orange Book Database," then "Search by Applicant," then choose "Zenara Pharma Private Ltd" to see multiple Orange Book listings for approved Zenara ANDAs).

and Biophore India purposefully operate their marketing, sales, and distribution infrastructure in the United States, including in the State of Delaware and this judicial district, either directly or through subsidiaries, agents, and/or alter egos. On information and belief, Zenara and Biophore India are licensed to sell pharmaceutical products in the State of Delaware, either directly or through subsidiaries, agents, and/or alter egos.

20.    On information and belief, Zenara and Biophore India, by selling pharmaceutical products, either directly or through subsidiaries, agents, and/or alter egos regularly do business in the State of Delaware and this judicial district and have systematically placed goods into the stream of commerce for distribution throughout the United States, including in Delaware and this judicial district. Zenara and Biophore India derive substantial revenue from pharmaceutical products that are used and/or consumed within Delaware, and which are manufactured by Zenara and Biophore India or their affiliates and/or for which Zenara and Biophore India are the named applicant(s) on approved ANDAs. On information and belief, various products for which Zenara and Biophore India are the named applicant(s) on approved ANDAs are available at pharmacies in Delaware.[5]

21.    Zenara is identified as the filer of Zenara's ANDA in the Notice Letter.

22.    On information and belief, Zenara and Biophore India acted in concert with respect to the preparing and filing of Zenara's ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, sale, or offer for sale of Zenara's ANDA Product in the United States, including in the State of Delaware and this judicial district.

23.    On information and belief, upon approval, Zenara and Biophore India will directly or through subsidiaries, agents, and/or alter egos market, distribute, offer for sale, sell, and/or import Zenara's ANDA Product in the United States, including in Delaware and this judicial

---

[5] *See supra* n.4.

district, and will derive substantial revenue from the use or consumption of Zenara's ANDA Product in Delaware and this judicial district. On information and belief, Zenara and Biophore India plan to list Zenara's ANDA Product on Delaware's prescription drug formulary and seek Medicaid reimbursements for the sales of Zenara's ANDA Product in Delaware, either directly or through subsidiaries, agents, and/or alter egos. On information and belief, if Zenara's ANDA is approved, Zenara's ANDA Product, under the direction and control of physicians practicing in Delaware, will be administered to and used by patients in Delaware and this judicial district.

24.     LIVMARLI® is marketed, sold, and distributed throughout the United States, including in the State of Delaware and this judicial district, and Plaintiffs are each incorporated in Delaware. Consequently, the injury and consequences of Defendants' filing of Zenara's ANDA and challenging Plaintiffs' patent rights are suffered in Delaware.

25.     On information and belief, Zenara and Biophore India have previously used the process contemplated by Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 355(b), and the Drug Price Competition and Patent Term Restoration Act of 1984, 21 U.S.C. § 355(j) (the "Hatch-Waxman Act"), to file ANDAs and challenge branded pharmaceutical companies' patents by filing a Paragraph IV certification, serving a notice letter on those branded pharmaceutical companies, and engaging in patent litigation as contemplated by the Hatch-Waxman Act, including in the State of Delaware and this judicial district.[6]

26.     On information and belief, with knowledge of the Hatch-Waxman Act, Zenara and Biophore India sent the Notice Letter to Plaintiffs and alleged in the Notice Letter the invalidity, unenforceability, and/or non-infringement of the Asserted Patents. On information and belief,

---

[6] *See, e.g.*, *Astellas Pharma Inc. v. Cipla Ltd.*, No. 1:24-cv-1333, D.I. 32 (D. Del. Feb. 25, 2025); *Harmony Biosciences, LLC v. AET Pharma US, Inc.*, No. 1:23-cv-1340, D.I. 33 (D. Del. Feb. 15, 2024).

Zenara and Biophore India deliberately challenged Plaintiffs' patent rights with the Notice Letter and knew when they did so that they were triggering a forty-five-day period for Plaintiffs to bring an action for patent infringement under the Hatch-Waxman Act.

27.     On information and belief, Zenara and Biophore India knew that they were deliberately challenging intellectual property held in Delaware and that the effects of any successful challenge of the Asserted Patents would be felt by Plaintiffs in Delaware.  Defendants have been litigants in connection with other infringement actions under the Hatch-Waxman Act and reasonably should have anticipated that, by sending the Notice Letter to Plaintiffs, they would be sued in Delaware for patent infringement.

28.     On information and belief, Zenara and Biophore India know and intend that, if Zenara's ANDA is approved, Zenara's ANDA Product will be marketed, distributed, and sold in Delaware and will displace sales of LIVMARLI®, resulting in harm to Plaintiffs in Delaware.

29.     On information and belief, Zenara and Biophore India have been sued in this judicial district without challenging personal jurisdiction or venue and have availed themselves of the legal protections of the State of Delaware by filing claims or counterclaims affirmatively seeking relief in other prior pharmaceutical patent actions in this Court.  *See, e.g.*, *Astellas Pharma Inc. v. Cipla Ltd.*, No. 1:24-cv-1333, D.I. 32 at 34-51 (D. Del. Feb. 25, 2025); *Harmony Biosciences, LLC v. AET Pharma US, Inc.*, No. 1:23-cv-1340, D.I. 33 at 77-84 (D. Del. Feb. 15, 2024).  Further, Zenara and Biophore India have previously admitted that this Court has personal jurisdiction over Zenara and Biophore India.  *See, e.g.*, *Astellas Pharma Inc. v. Cipla Ltd.*, No. 1:24-cv-1333, D.I. 32 at 5-6, 13-16 (D. Del. Feb. 25, 2025); *Harmony Biosciences, LLC v. AET Pharma US, Inc.*, No. 1:23-cv-1340, D.I. 33 at 23, 26 (D. Del. Feb. 15, 2024).

30.     Alternatively, this Court's exercise of personal jurisdiction over Zenara and

Biophore India is proper because the requirements of Federal Rule of Civil Procedure 4(k)(2) are met: (1) Plaintiffs' claims arise under federal law; (2) Zenara and Biophore India are foreign defendants not subject to general personal jurisdiction in any state's courts of general jurisdiction; and (3) Zenara and Biophore India have sufficient contacts with the United States, including by preparing and submitting Zenara's ANDA as well as manufacturing, selling, and marketing pharmaceutical products in the United States, including in this judicial district, such that exercising jurisdiction over Zenara and Biophore India is consistent with the United States Constitution and laws.

31.     Venue is proper in this Court as to Zenara and Biophore India under 28 U.S.C. §§ 1391 and 1400(b) and/or Federal Rule of Civil Procedure 4(k)(2).

## BACKGROUND

32.     LIVMARLI® is indicated for the treatment of cholestatic pruritus in patients 3 months of age and older with Alagille syndrome (ALGS) and for the treatment of cholestatic pruritus in patients 12 months of age and older with progressive familial intrahepatic cholestasis (PFIC).

33.     Plaintiff Mirum is the holder of the approved New Drug Application ("NDA") No. 214662 for LIVMARLI®.  LIVMARLI® is manufactured for Mirum and is sold in the United States pursuant to NDA No. 214662.

### A.     The '657 Patent

34.     The '657 patent, titled "Bile acid recycling inhibitors for treatment of pediatric cholestatic liver diseases," was duly and legally issued on December 24, 2019.  A true and correct copy of the '657 patent is attached as Exhibit A.

35.     Plaintiff SHGT is the assignee and owner of the '657 patent.

36.     Plaintiff Mirum is the exclusive licensee of the '657 patent.

37.    The '657 patent is listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") for LIVMARLI® Eq. 9.5 mg Base/mL and 19 mg Base/mL solution.

**B.    The '661 Patent**

38.    The '661 patent, titled "Bile acid recycling inhibitors for treatment of pediatric cholestatic liver diseases," was duly and legally issued on January 25, 2022.  A true and correct copy of the '661 patent is attached as Exhibit B.

39.    Plaintiff SHGT is the assignee and owner of the '661 patent.

40.    Plaintiff Mirum is the exclusive licensee of the '661 patent.

41.    The '661 patent is listed in the Orange Book for LIVMARLI® Eq. 9.5 mg Base/mL and 19 mg Base/mL solution.

**C.    The '267 Patent**

42.    The '267 patent, titled "Bile acid recycling inhibitors for treatment of pediatric cholestatic liver diseases," was duly and legally issued on July 8, 2025.  A true and correct copy of the '267 patent is attached as Exhibit C.

43.    Plaintiff SHGT is the assignee and owner of the '267 patent.

44.    Plaintiff Mirum is the exclusive licensee of the '267 patent.

45.    The '267 patent is listed in the Orange Book for LIVMARLI® Eq. 19 mg Base/mL solution.

**D.    The '647 Patent**

46.    The '647 patent, titled "Methods for treating cholestasis," was duly and legally issued on January 25, 2022.  A true and correct copy of the '647 patent is attached as Exhibit D.

47.    Plaintiff Mirum is the assignee and owner of the '647 patent.

48.    The '647 patent is listed in the Orange Book for LIVMARLI® Eq. 9.5 mg Base/mL

solution.

**E.    The '251 Patent**

49.    The '251 patent, titled "Bile acid recycling inhibitors for treatment of pediatric cholestatic liver diseases," was duly and legally issued on July 5, 2022.  A true and correct copy of the '251 patent is attached as Exhibit E.

50.    Plaintiff SHGT is the assignee and owner of the '251 patent.

51.    Plaintiff Mirum is the exclusive licensee of the '251 patent.

52.    The '251 patent is listed in the Orange Book for LIVMARLI® Eq. 9.5 mg Base/mL solution.

**F.    The '745 Patent**

53.    The '745 patent, titled "Methods for treating cholestasis," was duly and legally issued on November 15, 2022.  A true and correct copy of the '745 patent is attached as Exhibit F.

54.    Plaintiff Mirum is the assignee and owner of the '745 patent.

55.    The '745 patent is listed in the Orange Book for LIVMARLI® Eq. 9.5 mg Base/mL solution.

**G.    The '578 Patent**

56.    The '578 patent, titled "Methods for treating cholestasis," was duly and legally issued on March 5, 2024.  A true and correct copy of the '578 patent is attached as Exhibit G.

57.    Plaintiff Mirum is the assignee and owner of the '578 patent.

58.    The '578 patent is listed in the Orange Book for LIVMARLI® Eq. 9.5 mg Base/mL solution.

**H.    The '053 Patent**

59.    The '053 patent, titled "Bile acid recycling inhibitors and satiogens for treatment of diabetes, obesity, and inflammatory gastrointestinal conditions," was duly and legally issued on

March 1, 2022.  A true and correct copy of the '053 patent is attached as Exhibit H.

60.     Plaintiff Satiogen is the assignee and owner of the '053 patent.

61.     The '053 patent is listed in the Orange Book for LIVMARLI® Eq. 9.5 mg Base/mL solution.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 10,512,657

62.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

63.     On information and belief, the use of Zenara's ANDA Product in accordance with and as directed by the proposed labeling for that product will infringe one or more claims of the '657 patent, including but not limited to independent claims 1-3, either literally or under the doctrine of equivalents.

64.     Under 21 C.F.R. § 314.95(c)(7), a notice letter must contain "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed[,]" including for each patent claim "a full and detailed explanation of why the claim is not infringed" and "a full and detailed explanation of the grounds supporting the allegation" that a claim is invalid or unenforceable.

65.     The Notice Letter did not assert that the manufacture, use, offer for sale, or sale of Zenara's ANDA Product, at the 19 mg Base/mL concentration, in accordance with and as directed by Defendants' proposed labeling for that product would not meet any claim limitation of certain claims of the '657 patent, including at least claims 1-3.

66.     Further, under 21 U.S.C. § 355(j)(2), an ANDA filer's label generally must be the same as the label for the last approved reference listed drug labeling.  *See also* 87 Fed. Reg. 4252, 4253 (Jan. 27, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

67.     The April 2025 label for LIVMARLI® ("LIVMARLI® Label")[7] is the label for maralixibat chloride solution, Oral, Eq. 9.5 mg Base/mL and 19 mg Base/mL.  On information and belief, the proposed label for Zenara's ANDA Product is substantially identical to the LIVMARLI® Label, including but not limited to LIVMARLI®'s approved indications and usage section (Section 1), its dosage and administration section (Section 2) including the use of LIVMARLI® Oral Solution 19 mg/mL for treatment of PFIC, and its clinical pharmacology section (Section 12).

68.     Section 12.1 of the LIVMARLI® Label explains "[p]ruritus is a common symptom in patients with ALGS or PFIC[.]"

69.     Section 12.5 of the LIVMARLI® Label explains that PFIC is "a heterogenous disease . . . with different PFIC subtypes occurring in the general population[,]" including PFIC2.

70.     On information and belief, Zenara's ANDA Product is covered by one or more claims of the '657 patent, including at least independent claims 1-3, because the use of Zenara's ANDA Product in accordance with and as directed by the proposed labeling for that product meets each claim limitation.

71.     On information and belief, the use of Zenara's ANDA Product will infringe at least claims 1 and 3 of the '657 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zenara's ANDA Product instructs and encourages the use of Zenara's ANDA Product by healthcare professionals and patients for treating or ameliorating pediatric progressive familial intrahepatic cholestasis type 2 (PFIC2) in a pediatric subject comprising administering to the pediatric subject the claimed Apical Sodium-dependent Bile Acid Transporter

---

[7] Available    at    https://livmarli.com/    (click    on    "Prescribing    Information"    to    access https://files.mirumpharma.com/livmarli/livmarli-prescribinginformation.pdf)    (last    accessed Dec. 18, 2025).

Inhibitor (ASBTI) or a pharmaceutical composition comprising the claimed ASBTI, or a pharmaceutically acceptable salt thereof, wherein the ASBTI is effective for decreasing at least 20% of serum and/or hepatic bile acid levels in the pediatric subject as compared to bile acid levels prior to administration of the ASBTI. Additionally, the '657 patent's description of "treating" makes clear that the claimed methods of treating or ameliorating PFIC2 include the proposed indication for Zenara's ANDA Product. *See, e.g.*, '657 patent, 83:66-84:16; *id.* at 6:27-29 (describing PFIC2 as a form of cholestatic liver disease); *id* at 6:48-50, 24:14-15 (describing PFIC2 and cholestatic liver disease as being characterized by one or more symptoms, including pruritus).

72.     On information and belief, the use of Zenara's ANDA Product will infringe claim 2 of the '657 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zenara's ANDA Product instructs and encourages the use of Zenara's ANDA Product by healthcare professionals and patients for treating or ameliorating pruritus in a pediatric subject suffering from PFIC2 comprising administering to the pediatric subject the claimed ASBTI or pharmaceutically acceptable salt thereof wherein the ASBTI is effective for decreasing at least 20% of serum and/or hepatic bile acid levels in the pediatric subject as compared to bile acid levels prior to administration of the ASBTI.

73.     On information and belief, the purpose of filing Zenara's ANDA was to obtain approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Product prior to the expiration of the '657 patent.

74.     On information and belief, Defendants' submission of Zenara's ANDA for the purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Product prior to the expiration of the '657 patent is an act of infringement

of the '657 patent under 35 U.S.C. § 271(e)(2)(A).

75.     On information and belief, Defendants plan, intend to, and will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara's ANDA Product as well as the proposed labeling for that product immediately and imminently upon approval of Zenara's ANDA and any amendments thereto and prior to the expiration of the '657 patent.

76.     On information and belief, the importation, manufacture, use, offer for sale, and/or sale, of Zenara's ANDA Product prior to the expiration of the '657 patent would infringe one or more claims of the '657 patent and Defendants would induce the infringement of and/or contribute to the infringement of one or more claims of the '657 patent under 35 U.S.C. § 271(b) and/or (c). On information and belief, Defendants plan, intend to, and will actively induce and/or contribute to the infringement of the '657 patent immediately and imminently upon approval of Zenara's ANDA and any amendments thereto.

77.     On information and belief, Defendants know and intend that physicians will prescribe and patients will take Zenara's ANDA Product and therefore will infringe the '657 patent.

78.     On information and belief, Zenara's ANDA Product lacks any substantial non-infringing use.

79.     On information and belief, Defendants had actual and constructive knowledge of the claims of the '657 patent prior to submission of Zenara's ANDA at least because the '657 patent is listed in the FDA's Orange Book for Mirum's LIVMARLI® drug product. Notwithstanding this knowledge, Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara's

ANDA Product and the proposed labeling for that product immediately and imminently upon the approval of Zenara's ANDA and any amendments thereto.

80.     On information and belief, Defendants have acted with full knowledge of the '657 patent and without a reasonable basis for believing that Defendants would not be liable for infringing the '657 patent, actively inducing infringement of the '657 patent, and/or contributing to the infringement by others of the '657 patent. Defendants' submission of Zenara's ANDA with knowledge of the '657 patent and its infringement of the '657 patent makes this case exceptional.

81.     An actual case or controversy exists between Plaintiffs and Defendants with respect to infringement of the '657 patent.

82.     Unless Defendants are enjoined from infringing the '657 patent and actively inducing and contributing to the infringement of the '657 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 11,229,661

83.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

84.     On information and belief, the use of Zenara's ANDA Product in accordance with and as directed by the proposed labeling for that product will infringe one or more claims of the '661 patent, including but not limited to independent claim 1, either literally or under the doctrine of equivalents.

85.     Under 21 C.F.R. § 314.95(c)(7), a notice letter must contain "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed[,]" including for each patent claim "a full and detailed explanation of why the claim is not infringed" and "a full and detailed explanation of the grounds supporting the allegation" that a claim is invalid or unenforceable.

86.     The Notice Letter did not assert that the manufacture, use, offer for sale, or sale of

Zenara's ANDA Product, at the 19 mg Base/mL concentration, in accordance with and as directed by Defendants' proposed labeling for that product would not meet any claim limitation of certain claims of the '661 patent, including at least claim 1.

87.     Further, under 21 U.S.C. § 355(j)(2), an ANDA filer's label generally must be the same as the label for the last approved reference listed drug labeling.  *See also* 87 Fed. Reg. 4252, 4253 (Jan. 28, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

88.     The LIVMARLI® Label is the label for maralixibat chloride solution, Oral, Eq. 9.5 mg Base/mL and 19 mg Base/mL.  On information and belief, the proposed label for Zenara's ANDA Product is substantially identical to the LIVMARLI® Label, including but not limited to LIVMARLI®'s approved indications and usage section (Section 1), its dosage and administration section (Section 2) including the use of LIVMARLI® Oral Solution 19 mg/mL for treatment of PFIC, and its clinical pharmacology section (Section 12).

89.     Section 12.1 of the LIVMARLI® Label explains "[p]ruritus is a common symptom in patients with ALGS or PFIC[.]"

90.     Section 12.5 of the LIVMARLI® Label explains that PFIC is "a heterogenous disease . . . with different PFIC subtypes occurring in the general population[,]" including PFIC2.

91.     On information and belief, Zenara's ANDA Product is covered by one or more claims of the '661 patent, including at least independent claim 1, because the use of Zenara's ANDA Product in accordance with and as directed by the proposed labeling for that product meets each claim limitation.

92.     On information and belief, the use of Zenara's ANDA Product will infringe at least claim 1 of the '661 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zenara's ANDA Product instructs and encourages the use of Zenara's

ANDA Product by healthcare professionals and patients for treating or ameliorating a pediatric disorder characterized by having a non-truncating BSEP mutation in a pediatric subject, wherein the pediatric disorder is selected from PFIC2, benign recurrent intrahepatic cholestasis 2 (BRIC2), and drug induced cholestasis, comprising administering to the pediatric subject the claimed ASBTI or pharmaceutically acceptable salt thereof.   Additionally, the '661 patent's description of "treating" makes clear that the claimed methods of treating or ameliorating PFIC2 include the proposed indication for Zenara's ANDA Product.  *See, e.g.*, '661 patent, 84:50-67; *see also id.* at 6:29-31, 24:5-7 (describing PFIC2 as a form of cholestatic liver disease and PFIC associated with mutations in BSEP); *id.* at 6:50-53, 24:17-20 (describing PFIC2 and cholestatic liver disease as being characterized by one or more symptoms, including pruritus).

93.     On information and belief, the purpose of filing Zenara's ANDA was to obtain approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Product prior to the expiration of the '661 patent.

94.     On information and belief, Defendants' submission of Zenara's ANDA for the purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Product prior to the expiration of the '661 patent is an act of infringement of the '661 patent under 35 U.S.C. § 271(e)(2)(A).

95.     On information and belief, Defendants plan, intend to, and will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara's ANDA Product as well as the proposed labeling for that product immediately and imminently upon approval of Zenara's ANDA and any amendments thereto and prior to the expiration of the '661 patent.

96.     On information and belief, the importation, manufacture, use, offer for sale, and/or

sale of Zenara's ANDA Product prior to the expiration of the '661 patent would infringe one or more claims of the '661 patent, and/or Defendants would induce the infringement of and/or contribute to the infringement of one or more claims of the '661 patent under 35 U.S.C. § 271(b) and/or (c). On information and belief, Defendants plan, intend to, and will actively induce and/or contribute to the infringement of the '661 patent immediately and imminently upon approval of Zenara's ANDA and any amendments thereto.

97.    On information and belief, Defendants know and intend that physicians will prescribe and patients will take Zenara's ANDA Product and therefore will infringe the '661 patent.

98.    On information and belief, Zenara's ANDA Product lacks any substantial non-infringing use.

99.    On information and belief, Defendants had actual and constructive knowledge of the claims of the '661 patent prior to submission of Zenara's ANDA at least because the '661 patent is listed in the FDA's Orange Book for Mirum's LIVMARLI® drug product. Notwithstanding this knowledge, Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara's ANDA Product and the proposed labeling for that product immediately and imminently upon the approval of Zenara's ANDA and any amendments thereto.

100.    On information and belief, Defendants have acted with full knowledge of the '661 patent and without a reasonable basis for believing that Defendants would not be liable for infringing the '661 patent, actively inducing infringement of the '661 patent, and/or contributing to the infringement by others of the '661 patent. Defendants' submission of Zenara's ANDA with knowledge of the '661 patent and its infringement of the '661 patent makes this case exceptional.

101.    An actual case or controversy exists between Plaintiffs and Defendants with respect to infringement of the '661 patent.

102.    Unless Defendants are enjoined from infringing the '661 patent and actively inducing and contributing to the infringement of the '661 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 12,350,267

103.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

104.    On information and belief, the use of Zenara's ANDA Product in accordance with and as directed by the proposed labeling for that product will infringe one or more claims of the '267 patent, including but not limited to independent claims 1, 2, and 20, either literally or under the doctrine of equivalents.

105.    Under 21 C.F.R. § 314.95(c)(7), a notice letter must contain "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed[,]" including for each patent claim "a full and detailed explanation of why the claim is not infringed" and "a full and detailed explanation of the grounds supporting the allegation" that a claim is invalid or unenforceable.

106.    The Notice Letter did not assert that the manufacture, use, offer for sale, or sale of Zenara's ANDA Product in accordance with and as directed by Defendants' proposed labeling for that product would not meet any claim limitation of certain claims of the '267 patent, including at least claims 1, 2 and 20.

107.    Further, under 21 U.S.C. § 355(j)(2), an ANDA filer's label generally must be the same as the label for the last approved reference listed drug labeling.  *See also* 87 Fed. Reg. 4252, 4253 (Jan. 27, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

108.    The LIVMARLI® Label is the label for maralixibat chloride solution, Oral, Eq.

9.5 mg Base/mL and 19 mg Base/mL.  On information and belief, the proposed label for Zenara's ANDA Product is substantially identical to the LIVMARLI® Label, including but not limited to LIVMARLI®'s approved indications and usage section (Section 1), its dosage and administration section (Section 2), and its clinical pharmacology section (Section 12).

109.    The Indications and Usage section under the Highlights of Prescribing Information for the LIVMARLI® Label explains that LIVMARLI® is indicated for "the treatment of cholestatic pruritus in patients 12 months of age and older with progressive familial intrahepatic cholestasis (PFIC)."  *See* LIVMARLI® Label at Section 1.2.

110.    Section 12.1 of the LIVMARLI® Label explains "[p]ruritus is a common symptom in patients with ALGS or PFIC[.]"

111.    On information and belief, Zenara's ANDA Product is covered by one or more claims of the '267 patent, including at least independent claims 1, 2, and 20, because the use of Zenara's ANDA Product in accordance with and as directed by the proposed labeling for that product meets each claim limitation.

112.    On information and belief, the use of Zenara's ANDA Product will infringe at least claims 1 and 20 of the '267 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zenara's ANDA Product instructs and encourages the use of Zenara's ANDA Product by healthcare professionals and patients for treating or ameliorating PFIC in a pediatric subject comprising administering to the pediatric subject the claimed ASBTI or pharmaceutical composition comprising the claimed ASBTI or a pharmaceutically acceptable salt, solvate, or prodrug thereof.  Additionally, the '267 patent definition of "treating" makes clear that the claimed methods of treating or ameliorating PFIC include the proposed indication for Zenara's ANDA Product.  *See, e.g.*, '267 patent, 85:14-31; *id.* at 6:34-36 (describing PFIC as a form of

cholestatic liver disease); *id* at 6:55-57, 23:13, 23:33-35, 24:21-22 (describing PFIC and cholestatic liver disease as being characterized by one or more symptoms, including pruritus).

113.    On information and belief, the use of Zenara's ANDA Product will infringe at least claim 2 of the '267 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zenara's ANDA Product instructs and encourages the use of Zenara's ANDA Product by healthcare professionals and patients for treating or ameliorating pruritus in a pediatric subject having PFIC comprising administering to the pediatric subject the claimed ASBTI or a pharmaceutically acceptable salt thereof.

114.    On information and belief, the purpose of filing Zenara's ANDA was to obtain approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Product prior to the expiration of the '267 patent.

115.    On information and belief, Defendants' submission of Zenara's ANDA for the purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Product prior to the expiration of the '267 patent is an act of infringement of the '267 patent under 35 U.S.C. § 271(e)(2)(A).

116.    On information and belief, Defendants plan, intend to, and will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara's ANDA Product as well as the proposed labeling for that product immediately and imminently upon approval of Zenara's ANDA and any amendments thereto and prior to the expiration of the '267 patent.

117.    On information and belief, the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Product prior to the expiration of the '267 patent would infringe one or more claims of the '267 patent, and/or Defendants would induce the infringement of and/or

contribute to the infringement of one or more claims of the '267 patent under 35 U.S.C. § 271(b) and/or (c). On information and belief, Defendants plan, intend to, and will actively induce and/or contribute to the infringement of the '267 patent immediately and imminently upon approval of Zenara's ANDA and any amendments thereto.

118.    On information and belief, Defendants know and intend that physicians will prescribe and patients will take Zenara's ANDA Product and therefore will infringe the '267 patent.

119.    On information and belief, Zenara's ANDA Product lacks any substantial non-infringing use.

120.    On information and belief, Defendants had actual and constructive knowledge of the claims of the '267 patent prior to submission of Zenara's ANDA at least because the '267 patent is listed in the FDA's Orange Book for Mirum's LIVMARLI® drug product. Notwithstanding this knowledge, Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara's ANDA Product and the proposed labeling for that product immediately and imminently upon the approval of Zenara's ANDA and any amendments thereto.

121.    On information and belief, Defendants have acted with full knowledge of the '267 patent and without a reasonable basis for believing that Defendants would not be liable for infringing the '267 patent, actively inducing infringement of the '267 patent, and/or contributing to the infringement by others of the '267 patent. Defendants' submission of Zenara's ANDA with knowledge of the '267 patent and its infringement of the '267 patent makes this case exceptional.

122.    An actual case or controversy exists between Plaintiffs and Defendants with respect to infringement of the '267 patent.

123.    Unless Defendants are enjoined from infringing the '267 patent and actively inducing and contributing to the infringement of the '267 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 11,229,647

124.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

125.    On information and belief, the use of Zenara's ANDA Product in accordance with and as directed by the proposed labeling for that product will infringe one or more claims of the '647 patent, including but not limited to independent claims 1 and 12, either literally or under the doctrine of equivalents.

126.    Under 21 C.F.R. § 314.95(c)(7), a notice letter must contain "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed[,]" including for each patent claim "a full and detailed explanation of why the claim is not infringed" and "a full and detailed explanation of the grounds supporting the allegation" that a claim is invalid or unenforceable.

127.    The Notice Letter did not assert that the manufacture, use, offer for sale, or sale of Zenara's ANDA Product in accordance with and as directed by Defendants' proposed labeling for that product would not meet any claim limitation of certain claims of the '647 patent, including at least claims 1 and 12.

128.    Further, under 21 U.S.C. § 355(j)(2), an ANDA filer's label generally must be the same as the label for the last approved reference listed drug labeling.  *See also* 87 Fed. Reg. 4252, 4253 (Jan. 27, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

129.    The LIVMARLI® Label is the label for maralixibat chloride solution, Oral, Eq. 9.5 mg Base/mL and 19 mg Base/mL.  On information and belief, the proposed label for Zenara's ANDA Product is substantially identical to the LIVMARLI® Label, including but not limited to

LIVMARLI®'s approved indications and usage section (Section 1), its dosage and administration section (Section 2), and its clinical pharmacology section (Section 12).

130.    The Indications and Usage section under the Highlights of Prescribing Information for the LIVMARLI® Label explains that LIVMARLI® is indicated for "the treatment of cholestatic pruritus in patients 3 months of age and older with Alagille syndrome (ALGS)." *See* LIVMARLI® Label at Section 1.1.

131.    Section 12.1 of the LIVMARLI® Label explains "[p]ruritus is a common symptom in patients with ALGS or PFIC[.]"

132.    The LIVMARLI® Label directs administering maralixibat oral solution in dosages covered by the '647 patent.

133.    On information and belief, Zenara's ANDA Product is covered by one or more claims of the '647 patent, including at least independent claims 1 and 12, because the use of Zenara's ANDA Product in accordance with and as directed by the proposed labeling for that product meets each claim limitation.

134.    On information and belief, the use of Zenara's ANDA Product will infringe at least claims 1 and 12 of the '647 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zenara's ANDA Product instructs and encourages the use of Zenara's ANDA Product by healthcare professionals and patients for treatment of ALGS in a pediatric subject in need of such treatment where Zenara's ANDA Product is administered in an amount of about 400 µg/kg/day and/or from about 400 µg/kg/day to about 800 µg/kg/day.  Additionally, the '647 patent's description of "treating" makes clear that the claimed methods of treating or ameliorating ALGS include the proposed indication for Zenara's ANDA Product.  *See, e.g.*, '647 patent, 18:12-22, 21:4-21.

135.    On information and belief, the purpose of filing Zenara's ANDA was to obtain approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Product prior to the expiration of the '647 patent.

136.    On information and belief, Defendants' submission of Zenara's ANDA for the purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Product prior to the expiration of the '647 patent is an act of infringement of the '647 patent under 35 U.S.C. § 271(e)(2)(A).

137.    On information and belief, Defendants plan, intend to, and will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara's ANDA Product as well as the proposed labeling for that product immediately and imminently upon approval of Zenara's ANDA and any amendments thereto and prior to the expiration of the '647 patent.

138.    On information and belief, the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Product prior to the expiration of the '647 patent would infringe one or more claims of the '647 patent, and/or Defendants would induce the infringement of and/or contribute to the infringement of one or more claims of the '647 patent under 35 U.S.C. § 271(b) and/or (c).  On information and belief, Defendants plan, intend to, and will actively induce and/or contribute to the infringement of the '647 patent immediately and imminently upon approval of Zenara's ANDA and any amendments thereto.

139.    On information and belief, Defendants know and intend that physicians will prescribe and patients will take Zenara's ANDA Product and therefore will infringe the '647 patent.

140.    On information and belief, Zenara's ANDA Product lacks any substantial non-

infringing use.

141.    On information and belief, Defendants had actual and constructive knowledge of the claims of the '647 patent prior to submission of Zenara's ANDA at least because the '647 patent is listed in the FDA's Orange Book for Mirum's LIVMARLI® drug product. Notwithstanding this knowledge, Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara's ANDA Product and the proposed labeling for that product immediately and imminently upon the approval of Zenara's ANDA and any amendments thereto.

142.    On information and belief, Defendants have acted with full knowledge of the '647 patent and without a reasonable basis for believing that Defendants would not be liable for infringing the '647 patent, actively inducing infringement of the '647 patent, and/or contributing to the infringement by others of the '647 patent.  Defendants' submission of Zenara's ANDA with knowledge of the '647 patent and its infringement of the '647 patent makes this case exceptional.

143.    An actual case or controversy exists between Plaintiffs and Defendants with respect to infringement of the '647 patent.

144.    Unless Defendants are enjoined from infringing the '647 patent and actively inducing and contributing to the infringement of the '647 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 11,376,251

145.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

146.    On information and belief, the use of Zenara's ANDA Product in accordance with and as directed by the proposed labeling for that product will infringe one or more claims of the '251 patent, including but not limited to independent claims 1, 14, and 19, either literally or under the doctrine of equivalents.

147.    Under 21 C.F.R. § 314.95(c)(7), a notice letter must contain "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed[,]" including for each patent claim "a full and detailed explanation of why the claim is not infringed" and "a full and detailed explanation of the grounds supporting the allegation" that a claim is invalid or unenforceable.

148.    The Notice Letter did not assert that the manufacture, use, offer for sale, or sale of Zenara's ANDA Product in accordance with and as directed by Defendants' proposed labeling for that product would not meet any claim limitation of certain claims of the '251 patent, including claims 1, 14, and 19.

149.    Further, under 21 U.S.C. § 355(j)(2), an ANDA filer's label generally must be the same as the label for the last approved reference listed drug labeling. *See also* 87 Fed. Reg. 4252, 4253 (Jan. 27, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

150.    The LIVMARLI® Label is the label for maralixibat chloride solution, Oral, Eq. 9.5 mg Base/mL and 19 mg Base/mL.  On information and belief, the proposed label for Zenara's ANDA Product is substantially identical to the LIVMARLI® Label, including but not limited to LIVMARLI®'s approved indications and usage section (Section 1), its dosage and administration section (Section 2), and its clinical pharmacology section (Section 12).

151.    The Indications and Usage section under the Highlights of Prescribing Information for the LIVMARLI® Label explains that LIVMARLI® is indicated for "the treatment of cholestatic pruritus in patients 3 months of age and older with Alagille syndrome (ALGS)." *See* LIVMARLI® Label at Section 1.1.

152.    Section 12.1 of the LIVMARLI® Label explains "[p]ruritus is a common symptom in patients with ALGS or PFIC[.]"

153.    On information and belief, Zenara's ANDA Product is covered by one or more claims of the '251 patent, including at least independent claims 1, 14, and 19, because the use of Zenara's ANDA Product in accordance with and as directed by the proposed labeling for that product meets each claim limitation.

154.    On information and belief, the use of Zenara's ANDA Product will infringe at least claims 1 and 14 of the '251 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zenara's ANDA Product instructs and encourages the use of Zenara's ANDA Product by healthcare professionals and patients for treating or ameliorating ALGS in a pediatric subject comprising administering to the pediatric subject the claimed ASBTI or a pharmaceutical composition comprising the claimed ASBTI, or a pharmaceutically acceptable salt, solvate, or prodrug thereof.  Additionally, the '251 patent's description of "treating" makes clear that the claimed methods of treating or ameliorating ALGS include the proposed indication for Zenara's ANDA Product.  *See, e.g.*, '251 patent, 26:49-54, 85:31-48.

155.    On information and belief, the use of Zenara's ANDA Product will infringe at least claim 19 of the '251 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zenara's ANDA Product instructs and encourages the use of Zenara's ANDA Product by healthcare professionals and patients for treating or ameliorating pruritus in a pediatric subject suffering from ALGS comprising administering to the pediatric subject the claimed ASBTI, or a pharmaceutically acceptable salt, solvate, or prodrug thereof.

156.    On information and belief, the purpose of filing Zenara's ANDA was to obtain approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Product prior to the expiration of the '251 patent.

157.    On information and belief, Defendants' submission of Zenara's ANDA for the

purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Product prior to the expiration of the '251 patent is an act of infringement of the '251 patent under 35 U.S.C. § 271(e)(2)(A).

158.    On information and belief, Defendants plan, intend to, and will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara's ANDA Product as well as the proposed labeling for that product immediately and imminently upon approval of Zenara's ANDA and any amendments thereto and prior to the expiration of the '251 patent.

159.    On information and belief, the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Product prior to the expiration of the '251 patent would infringe one or more claims of the '251 patent, and/or Defendants would induce the infringement of and/or contribute to the infringement of one or more claims of the '251 patent under 35 U.S.C. § 271(b) and/or (c).  On information and belief, Defendants plan, intend to, and will actively induce and/or contribute to the infringement of the '251 patent immediately and imminently upon approval of Zenara's ANDA and any amendments thereto.

160.    On information and belief, Defendants know and intend that physicians will prescribe and patients will take Zenara's ANDA Product and therefore will infringe the '251 patent.

161.    On information and belief, Zenara's ANDA Product lacks any substantial non-infringing use.

162.    On information and belief, Defendants had actual and constructive knowledge of the claims of the '251 patent prior to submission of Zenara's ANDA at least because the '251 patent is listed in the FDA's Orange Book for Mirum's LIVMARLI® drug product.

Notwithstanding this knowledge, Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara's ANDA Product and the proposed labeling for that product immediately and imminently upon the approval of Zenara's ANDA and any amendments thereto.

163.    On information and belief, Defendants have acted with full knowledge of the '251 patent and without a reasonable basis for believing that Defendants would not be liable for infringing the '251 patent, actively inducing infringement of the '251 patent, and/or contributing to the infringement by others of the '251 patent.  Defendants' submission of Zenara's ANDA with knowledge of the '251 patent and its infringement of the '251 patent makes this case exceptional.

164.    An actual case or controversy exists between Plaintiffs and Defendants with respect to infringement of the '251 patent.

165.    Unless Defendants are enjoined from infringing the '251 patent and actively inducing and contributing to the infringement of the '251 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 11,497,745

166.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

167.    On information and belief, the use of Zenara's ANDA Product in accordance with and as directed by the proposed labeling for that product will infringe one or more claims of the '745 patent, including but not limited to independent claim 1, either literally or under the doctrine of equivalents.

168.    Under 21 C.F.R. § 314.95(c)(7), a notice letter must contain "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed[,]" including for each patent claim "a full and detailed explanation of why the claim is not infringed" and "a full and detailed explanation of the grounds supporting the

allegation" that a claim is invalid or unenforceable.

169.    The Notice Letter did not assert that the manufacture, use, offer for sale, or sale of Zenara's ANDA Product in accordance with and as directed by Defendants' proposed labeling for that product would not meet any claim limitation of certain claims of the '745 patent, including claim 1.

170.    Further, under 21 U.S.C. § 355(j)(2), an ANDA filer's label generally must be the same as the label for the last approved reference listed drug labeling. *See also* 87 Fed. Reg. 4252, 4253 (Jan. 27, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

171.    The LIVMARLI® Label is the label for maralixibat chloride solution, Oral, Eq. 9.5 mg Base/mL and 19 mg Base/mL.  On information and belief, the proposed label for Zenara's ANDA Product is substantially identical to the LIVMARLI® Label, including but not limited to LIVMARLI®'s approved indications and usage section (Section 1), its dosage and administration section (Section 2), and its clinical pharmacology section (Section 12).

172.    The Indications and Usage section under the Highlights of Prescribing Information for the LIVMARLI® Label explains that LIVMARLI® is indicated for "the treatment of cholestatic pruritus in patients 3 months of age and older with Alagille syndrome (ALGS)."  *See* LIVMARLI® Label at Section 1.1.

173.    Section 12.1 of the LIVMARLI® Label explains "[p]ruritus is a common symptom in patients with ALGS or PFIC[.]"

174.    The LIVMARLI® Label directs administering maralixibat oral solution in dosages covered by the '745 patent.

175.    On information and belief, Zenara's ANDA Product is covered by one or more claims of the '745 patent, including at least independent claim 1, because the use of Zenara's

ANDA Product in accordance with and as directed by the proposed labeling for that product meets each claim limitation.

176.    On information and belief, the use of Zenara's ANDA Product will infringe at least claim 1 of the '745 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zenara's ANDA Product instructs and encourages the use of Zenara's ANDA Product by healthcare professionals and patients for treating ALGS in a subject in need of such treatment comprising administering to the subject maralixibat in an amount of from 360 μg/kg/day to 880 μg/kg/day.  Additionally, the '745 patent's description of "treating" makes clear that the claimed methods of treating or ameliorating ALGS include the proposed indication for Zenara's ANDA Product.  *See, e.g.*, '745 patent, 17:55-65, 20:45-62.

177.    On information and belief, the purpose of filing Zenara's ANDA was to obtain approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Product prior to the expiration of the '745 patent.

178.    On information and belief, Defendants' submission of Zenara's ANDA for the purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Product prior to the expiration of the '745 patent is an act of infringement of the '745 patent under 35 U.S.C. § 271(e)(2)(A).

179.    On information and belief, Defendants plan, intend to, and will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara's ANDA Product as well as the proposed labeling for that product immediately and imminently upon approval of Zenara's ANDA and any amendments thereto and prior to the expiration of the '745 patent.

180.    On information and belief, the importation, manufacture, use, offer for sale, and/or

sale of Zenara's ANDA Product prior to the expiration of the '745 patent would infringe one or more claims of the '745 patent, and/or Defendants would induce the infringement of and/or contribute to the infringement of one or more claims of the '745 patent under 35 U.S.C. § 271(b) and/or (c). On information and belief, Defendants plan, intend to, and will actively induce and/or contribute to the infringement of the '745 patent immediately and imminently upon approval of Zenara's ANDA and any amendments thereto.

181.    On information and belief, Defendants know and intend that physicians will prescribe and patients will take Zenara's ANDA Product and therefore will infringe the '745 patent.

182.    On information and belief, Zenara's ANDA Product lacks any substantial non-infringing use.

183.    On information and belief, Defendants had actual and constructive knowledge of the claims of the '745 patent prior to submission of Zenara's ANDA at least because the '745 patent is listed in the FDA's Orange Book for Mirum's LIVMARLI® drug product. Notwithstanding this knowledge, Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara's ANDA Product and the proposed labeling for that product immediately and imminently upon the approval of Zenara's ANDA and any amendments thereto.

184.    On information and belief, Defendants have acted with full knowledge of the '745 patent and without a reasonable basis for believing that Defendants would not be liable for infringing the '745 patent, actively inducing infringement of the '745 patent, and/or contributing to the infringement by others of the '745 patent. Defendants' submission of Zenara's ANDA with knowledge of the '745 patent and its infringement of the '745 patent makes this case exceptional.

185.    An actual case or controversy exists between Plaintiffs and Defendants with respect to infringement of the '745 patent.

186.    Unless Defendants are enjoined from infringing the '745 patent and actively inducing and contributing to the infringement of the '745 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 11,918,578

187.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

188.    On information and belief, the use of Zenara's ANDA Product in accordance with and as directed by the proposed labeling for that product will infringe one or more claims of the '578 patent, including but not limited to independent claim 1, either literally or under the doctrine of equivalents.

189.    Under 21 C.F.R. § 314.95(c)(7), a notice letter must contain "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed[,]" including for each patent claim "a full and detailed explanation of why the claim is not infringed" and "a full and detailed explanation of the grounds supporting the allegation" that a claim is invalid or unenforceable.

190.    The Notice Letter did not assert that the manufacture, use, offer for sale, or sale of Zenara's ANDA Product in accordance with and as directed by Defendants' proposed labeling for that product would not meet any claim limitation of certain claims of the '578 patent, including claim 1.

191.    Further, under 21 U.S.C. § 355(j)(2), an ANDA filer's label generally must be the same as the label for the last approved reference listed drug labeling.  *See also* 87 Fed. Reg. 4252, 4253 (Jan. 27, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

192.    The LIVMARLI® Label is the label for maralixibat chloride solution, Oral, Eq.

9.5 mg Base/mL and 19 mg Base/mL. On information and belief, the proposed label for Zenara's ANDA Product is substantially identical to the LIVMARLI® Label, including but not limited to LIVMARLI®'s approved indications and usage section (Section 1), its dosage and administration section (Section 2), and its clinical pharmacology section (Section 12).

193. The Indications and Usage section under the Highlights of Prescribing Information for the LIVMARLI® Label explains that LIVMARLI® is indicated for "the treatment of cholestatic pruritus in patients 3 months of age and older with Alagille syndrome (ALGS)." *See* LIVMARLI® Label at Section 1.1.

194. The LIVMARLI® Label directs administering maralixibat oral solution in dosages and compositions covered by the '578 patent.

195. On information and belief, Zenara's ANDA Product is covered by one or more claims of the '578 patent, including at least independent claim 1, because the use of Zenara's ANDA Product in accordance with and as directed by the proposed labeling for that product meets each claim limitation.

196. On information and belief, the use of Zenara's ANDA Product will infringe at least claim 1 of the '578 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zenara's ANDA Product instructs and encourages the use of Zenara's ANDA Product by healthcare professionals and patients for treating cholestatic pruritus in a subject having ALGS comprising administering to the subject maralixibat in an amount of from about 400 μg/kg/day to about 800 μg/kg/day, wherein maralixibat is administered as a liquid pharmaceutical composition comprising about 0.001 mg/mL to about 16 mg/mL of maralixibat.

197. On information and belief, the purpose of filing Zenara's ANDA was to obtain approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or

sale of Zenara's ANDA Product prior to the expiration of the '578 patent.

198.    On information and belief, Defendants' submission of Zenara's ANDA for the purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Product prior to the expiration of the '578 patent is an act of infringement of the '578 patent under 35 U.S.C. § 271(e)(2)(A).

199.    On information and belief, Defendants plan, intend to, and will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara's ANDA Product as well as the proposed labeling for that product immediately and imminently upon approval of Zenara's ANDA and any amendments thereto and prior to the expiration of the '578 patent.

200.    On information and belief, the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Product prior to the expiration of the '578 patent would infringe one or more claims of the '578 patent, and/or Defendants would induce the infringement of and/or contribute to the infringement of one or more claims of the '578 patent under 35 U.S.C. § 271(b) and/or (c).  On information and belief, Defendants plan, intend to, and will actively induce and/or contribute to the infringement of the '578 patent immediately and imminently upon approval of Zenara's ANDA and any amendments thereto.

201.    On information and belief, Defendants know and intend that physicians will prescribe and patients will take Zenara's ANDA Product and therefore will infringe the '578 patent.

202.    On information and belief, Zenara's ANDA Product lacks any substantial non-infringing use.

203.    On information and belief, Defendants had actual and constructive knowledge of

the claims of the '578 patent prior to submission of Zenara's ANDA at least because the '578 patent is listed in the FDA's Orange Book for Mirum's LIVMARLI® drug product. Notwithstanding this knowledge, Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara's ANDA Product and the proposed labeling for that product immediately and imminently upon the approval of Zenara's ANDA and any amendments thereto.

204.    On information and belief, Defendants have acted with full knowledge of the '578 patent and without a reasonable basis for believing that Defendants would not be liable for infringing the '578 patent, actively inducing infringement of the '578 patent, and/or contributing to the infringement by others of the '578 patent.  Defendants' submission of Zenara's ANDA with knowledge of the '578 patent and its infringement of the '578 patent makes this case exceptional.

205.    An actual case or controversy exists between Plaintiffs and Defendants with respect to infringement of the '578 patent.

206.    Unless Defendants are enjoined from infringing the '578 patent and actively inducing and contributing to the infringement of the '578 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT VIII: INFRINGEMENT OF U.S. PATENT NO. 11,260,053

207.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

208.    On information and belief, the use of Zenara's ANDA Product in accordance with and as directed by the proposed labeling for that product will infringe one or more claims of the '053 patent, including but not limited to independent claim 1, either literally or under the doctrine of equivalents.

209.    Under 21 U.S.C. § 355(j)(2), an ANDA filer's label generally must be the same as the label for the last approved reference listed drug labeling.  *See also* 87 Fed. Reg. 4252, 4253

(Jan. 27, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

210.     Section 12.1 of the LIVMARLI® Label explains that maralixibat "decreases the reabsorption of bile acids (primarily the salt forms) from the terminal ileum." On information and belief, decreasing the reabsorption of bile acids from the terminal ileum increases the concentration of bile acids and bile salts in the terminal ileum, which is part of the distal gastrointestinal tract.

211.     The LIVMARLI® Label is the label for maralixibat chloride solution, Oral, Eq. 9.5 mg Base/mL and 19 mg Base/mL. On information and belief, the label for Zenara's ANDA Product is or will be substantially identical to the label for LIVMARLI®, including directing that Zenara's ANDA Product decreases the reabsorption of bile acids (primarily the salt forms) from the terminal ileum.

212.     On information and belief, Zenara's ANDA Product is covered by one or more claims of the '053 patent, including at least independent claim 1, because the use of Zenara's ANDA Product in accordance with and as directed by the proposed labeling for that product meets each claim limitation.

213.     On information and belief, the use of Zenara's ANDA Product will infringe at least claim 1 of the '053 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zenara's ANDA Product instructs and encourages the use of Zenara's ANDA Product by healthcare professionals and patients for increasing the concentration of bile acids and salts thereof in the distal gastrointestinal tract of an individual comprising administering the claimed ASBTI to the individual, wherein a therapeutically effective amount of the ASBTI is delivered to the distal ileum, the colon, or the rectum of an individual in need thereof.

214.     On information and belief, the purpose of filing Zenara's ANDA was to obtain approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or

sale of Zenara's ANDA Product prior to the expiration of the '053 patent.

215.    On information and belief, Defendants' submission of Zenara's ANDA for the purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Product prior to the expiration of the '053 patent is an act of infringement of the '053 patent under 35 U.S.C. § 271(e)(2)(A).

216.    On information and belief, Defendants plan, intend to, and will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara's ANDA Product as well as the proposed labeling for that product immediately and imminently upon approval of Zenara's ANDA and any amendments thereto and prior to the expiration of the '053 patent.

217.    On information and belief, the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Product prior to the expiration of the '053 patent would infringe one or more claims of the '053 patent, and/or Defendants would induce the infringement of and/or contribute to the infringement of one or more claims of the '053 patent under 35 U.S.C. § 271(b) and/or (c).  On information and belief, Defendants plan, intend to, and will actively induce and/or contribute to the infringement of the '053 patent immediately and imminently upon approval of Zenara's ANDA and any amendments thereto.

218.    On information and belief, Defendants know and intend that physicians will prescribe and patients will take Zenara's ANDA Product and therefore will infringe the '053 patent.

219.    On information and belief, Zenara's ANDA Product lacks any substantial non-infringing use.

220.    On information and belief, Defendants had actual and constructive knowledge of

the claims of the '053 patent prior to submission of Zenara's ANDA at least because the '053 patent is listed in the FDA's Orange Book for Mirum's LIVMARLI® drug product. Notwithstanding this knowledge, Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara's ANDA Product and the proposed labeling for that product immediately and imminently upon the approval of Zenara's ANDA and any amendments thereto.

221.    On information and belief, Defendants have acted with full knowledge of the '053 patent and without a reasonable basis for believing that Defendants would not be liable for infringing the '053 patent, actively inducing infringement of the '053 patent, and/or contributing to the infringement by others of the '053 patent.  Defendants' submission of Zenara's ANDA with knowledge of the '053 patent and its infringement of the '053 patent makes this case exceptional.

222.    An actual case or controversy exists between Plaintiffs and Defendants with respect to infringement of the '053 patent.

223.    Unless Defendants are enjoined from infringing the '053 patent and actively inducing and contributing to the infringement of the '053 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that this Court grant the following relief:

A.    A judgment declaring that, under 35 U.S.C. § 271(e)(2)(A), Defendants infringed the Asserted Patents, either literally or under the doctrine of equivalents, by submitting ANDA No. 220917 to the FDA to obtain approval to commercially manufacture, use, offer for sale, or sell within the United States, or import into the United States Zenara's ANDA Product prior to the expiration of the Asserted Patents;

B.      A judgment declaring that making, using, selling, offering for sale, marketing, distributing, or importing Zenara's ANDA Product, or any product or compound, the making, using, offering for sale, sale, marketing, distributing, or importation of which infringes the Asserted Patents prior to the expiration date of the Asserted Patents, will infringe, actively induce infringement of, and/or contribute to the infringement by others of the Asserted Patents under 35 U.S.C. § 271(b), and/or (c), either literally or under the doctrine of equivalents;

C.      An order under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval for Defendants to make, use, offer for sale, sell, market, distribute, or import Zenara's ANDA Product, or any product or compound, the making, using, offering for sale, sale, marketing, distributing, or importation of which infringes the Asserted Patents be no earlier than the last expiration date of the Asserted Patents, inclusive of any extension(s), adjustment(s), and additional period(s) of exclusivity;

D.      A permanent injunction enjoining Defendants, and all persons acting in concert with Defendants from seeking, obtaining, or maintaining final approval of ANDA No. 220917 until the expiration of the Asserted Patents, inclusive of any extension(s), adjustment(s), and additional period(s) of exclusivity;

E.      A permanent injunction, under 35 U.S.C. § 271(e)(4)(B), enjoining Defendants, their officers, agents, servants, employees and attorneys, and all persons acting in concert with them, from making, using, selling, offering for sale, marketing, distributing, or importing Zenara's ANDA Product, or any product or compound, the making, using, offering for sale, sale, marketing, distributing, or importation of which infringes the Asserted Patents, or the inducement of or the contribution to

-42-

any of the foregoing, prior to the expiration date of the Asserted Patents, inclusive

of any extension(s), adjustment(s), and additional period(s) of exclusivity;

F.      An award of monetary relief to Plaintiffs, under 35 U.S.C. § 271(e)(4)(C), to the

extent Defendants manufacture, use, offer for sale, sell, market, or distribute within

the United States, or import into the United States, Zenara's ANDA Product, or any

product or compound, the making, using, offering for sale, sale, marketing,

distributing, or importation of which infringes the Asserted Patents, or the

inducement of or the contribution to any of the foregoing, prior to the expiration

date of the Asserted Patents, inclusive of any extension(s), adjustment(s), and

additional period(s) of exclusivity;

G.      A declaration that this is an exceptional case and an award of attorneys' fees

pursuant to 35 U.S.C. § 285;

H.      An award of Plaintiffs' costs and expenses in this action; and

I.      Such further and other relief as the Court deems just and proper.

/s/ Karen E. Keller
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Plaintiffs Mirum*
*Pharmaceuticals, Inc., Satiogen*
*Pharmaceuticals, Inc. and Shire Human*
*Genetic Therapies, Inc.*

OF COUNSEL:
Sanya Sukduang
Jonathan Davies
Brittany Cazakoff
John Habibi
Jordan Landers
Rachel Preston
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
(202) 842-7800
*Attorneys for Plaintiffs*
*Mirum Pharmaceuticals, Inc. and*
*Satiogen Pharmaceuticals, Inc.*

Zhiqiang Liu
Andrew Cohen
Basil Williams
Tiffany Li
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000
*Attorneys for Plaintiff*
*Shire Human Genetic Therapies, Inc.*

Dated: December 19, 2025